UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON SHOLA AKANDE,

          Plaintiff,

    v.

MICHAEL PHILIPS, I.C.E. Field Office
Director,

          Defendant.

**DECISION AND ORDER**

1:17-CV-01243 EAW

## INTRODUCTION

*Pro se* plaintiff Jason Shola Akande ("Plaintiff") filed this action on November 30, 2017, alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. 1).

Currently pending before the Court are Plaintiff's motion for reconsideration (Dkt. 21), motion to appoint counsel (Dkt. 22), motion to supplement (Dkt. 23), motion to enter default judgment (Dkt. 29), and motion to amend/correct (Dkt. 32).

For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration (Dkt. 21), motion to appoint counsel (Dkt. 22), motion to supplement (Dkt. 23), and motion to enter default judgment (Dkt. 29), and grants in part Plaintiff's motion to amend/correct (Dkt. 32).

## BACKGROUND

### I.    Factual Background

Plaintiff claims that Defendant Michael Philips ("Philips"), who was employed as the Immigration and Customs Enforcement ("ICE") Field Office Director in Buffalo, New York, forged a Nigerian Travel Certificate to unlawfully remove Plaintiff from the United States in order to "help some 'rogue' Connecticut Law Enforcement Officers get away with" having illegally arrested Plaintiff and caused him to serve seven years of "false imprisonment" and two years of "federal prison overtime." (Dkt. 7 at 1-2). Philips and "other ICE agents" conspired with the "rogue" officers to unlawfully remove Plaintiff from the United States to impede his legal actions challenging his alleged illegal arrests, false imprisonment, and federal sentence. (*Id.* at 5). Philips used a "private airline," identified by Plaintiff as "Giant Airline," to "execute the illegal removal." (*Id.*). Plaintiff alleges that John Doe (1) is the "Owner/CEO" of "Giant Private Airline," and that John Doe (2) and John Doe (3) were the pilot and the co-pilot of the "deportation plane," respectively. (*Id.* at 4).

Before Plaintiff was allegedly removed from the United States, "Philips and his fellow ICE agents deliberately confiscated and destroyed" all of Plaintiff's "legal documents and legal materials" in order to prevent Plaintiff from contesting the purportedly wrongful acts he alleges were committed against him. (*See id.* at 6-7 (emphasis omitted)). Plaintiff claims that he "consequently lost" several judicial and administrative actions that he outlines in further detail within his Amended Complaint. (*See id.* at 7-18).

Plaintiff also claims that "Philips and his fellow ICE Agents (About 12 of them)" stripped Plaintiff of his clothes in front of "all female ICE agents" and "all other female prison staff," and then "tied Plaintiff up with chains" while they "severely beat him up while butt naked." (*Id.* at 20). Plaintiff was then carried "like a dead body" into the deportation plane and was "periodically" beaten during the flight from Buffalo, New York to Lagos, Nigeria. (*Id.*).

Plaintiff further alleges that John Doe (1) contractually agreed "to use his aircraft[] to violate Plaintiff's constitutional rights." (*Id.* at 23). Stated differently, Plaintiff claims that John Doe (1) "consented" to Philips' use of excessive force, and that he "knew exactly what Defendant Philips and other ICE agents would do with his aircraft[] before he allowed them to use it." (*Id.*). Plaintiff also alleges that John Does (2-3) both "witnessed" the excessive force used by Philips and the "other ICE Agents" and yet, they did nothing to intervene to assist Plaintiff. (*Id.* at 25-27).

## II. <u>Procedural Background</u>

Plaintiff commenced this action on November 30, 2017, seeking relief for violations of his constitutional rights. (Dkt. 1). On July 11, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* and screened his initial Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. 6). The Court dismissed Plaintiff's claim for the destruction of his legal materials as against Philips as well as all claims against Defendants John Doe (1-3) without prejudice. (*Id.* at 24). The remaining claims alleged against Philips and the other named defendants were dismissed with prejudice, with the exception of Plaintiff's

excessive force claim asserted against Philips, which was permitted to proceed to service if Plaintiff filed an amended complaint consistent with the Court's screening order. (*Id.*).

On September 7, 2018, Plaintiff filed his Amended Complaint (Dkt. 7) along with three motions requesting various miscellaneous relief (Dkt. 8; Dkt. 9; Dkt. 10). Plaintiff subsequently filed two motions to expedite the review of his other motions on March 4, 2019, and March 13, 2019, respectively. (Dkt. 14; Dkt. 15).

On June 28, 2019, the Court permitted Plaintiff's excessive force claim against Philips to proceed, but dismissed the remaining claims with prejudice. (Dkt. 17). The Court also granted in part Plaintiff's motion for an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), denied Plaintiff's motion for permission to use the Court's electronic filing system (Dkt. 8) and motion for subpoenas (Dkt. 10), and dismissed as moot two motions to expedite (Dkt. 14; Dkt. 15).

Currently pending before the Court are Plaintiff's motion for reconsideration (Dkt. 21), motion to appoint counsel (Dkt. 22), motion to supplement (Dkt. 23), motion to enter default judgment (Dkt. 29), and motion to amend/correct (Dkt. 32).

## DISCUSSION

## I.    Motion for Reconsideration

Plaintiff requests the Court reconsider its prior June 28, 2019, Decision and Order (Dkt. 17), dismissing Plaintiff's First, Fourth, and Fifth Amendment claims relating to the alleged destruction of his legal materials. (Dkt. 21). For the reasons discussed below, the Court denies Plaintiff's motion.

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 256-57 (2d Cir. 1995). Relief may be obtained only where the moving party identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).

The Court previously dismissed with prejudice Plaintiff's claims relating to the alleged destruction of his legal materials. (Dkt. 17). The Court dismissed Plaintiff's Fourth Amendment claim on the ground that Plaintiff had failed to allege he had a reasonable expectation of privacy in the materials (*id.* at 17), and dismissed his First and Fifth Amendment claims on the grounds that Plaintiff had not alleged facts demonstrating the underlying claims were "nonfrivolous," and that the documents he allegedly possessed had any bearing on his underlying claims (*id.* at 19-21).

Here, Plaintiff attempts to reargue the Court's prior Decision and Order by simply reasserting the same conclusory allegations contained in his Amended Complaint (*compare* Dkt. 7 at 7-10, *with* Dkt. 21 at 1-3), which is not sufficient to warrant reconsideration. *See Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football L.P.*, 409 F. App'x 401, 403 (2d Cir. 2010) ("It is black letter law that a motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court." (quotation omitted)). Accordingly, the Court denies Plaintiff's motion for reconsideration.

## II.    Motion to Supplement

Plaintiff filed a motion to supplement his Amended Complaint with additional facts. (Dkt. 23).  For the reasons discussed below, the Court denies Plaintiff's motion.

After a party has amended his complaint once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied where there is "evidence of undue delay, bad faith, undue prejudice as to the non-movant, or futility."  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted).

Despite having already filed an Amended Complaint in the instant matter, Plaintiff requests the Court's leave to supplement his Amended Complaint.  (Dkt. 23).  In his motion, Plaintiff includes an itemized list of facts he wishes to include in his Amended Complaint.  (*Id.*).  However, the proposed facts, in large part, mirror those facts already contained in his Amended Complaint (Dkt. 7).  (*Compare* Dkt. 7 at 5-10, *with* Dkt. 23 at 1-3).  Additionally, the proposed facts relate to Plaintiff's claim that he was unlawfully removed from the United States.  However, this Court in its Decision and Order dated July 11, 2018 (Dkt. 6), dismissed Plaintiff's claims of wrongful conduct arising from the execution of his removal order on the grounds that it lacked subject matter jurisdiction pursuant to 8 U.S.C. § 1252(g).  (Dkt. 6 at 6-10).  In short, Plaintiff's proposed facts are neither new nor relevant to Plaintiff's remaining excessive force claim and, thus, Plaintiff's amendment would be futile.  *See Mason v. Town of New Paltz Police Dep't*, 103 F. Supp. 2d 562, 568 (N.D.N.Y. 2000) ("An amendment is futile if it 'merely restates the same facts

- 6 -

as the original complaint in different terms [or] reasserts a claim on which the court previously ruled[.]'" (quoting 3 Moore & Freer, Moore's Federal Practice ¶ 15.15[3] (3d ed. 1999)). Accordingly, the Court denies Plaintiff leave to amend.

**III.    Motion to Amend/Correct**

Plaintiff requests the Court amend/correct his Amended Complaint to add a missing page and also requests that the Court forward his motion to supplement (Dkt. 23) to Defendant. (Dkt. 32). The Court grants Plaintiff's request insofar as it directs the Clerk of Court to re-file Plaintiff's Amended Complaint with the addition of missing page 29, which is attached to Plaintiff's motion. (*See id.* at 4). However, because the Court denies Plaintiff leave to supplement his Amended Complaint, the Court also denies his request that his motion to supplement be forwarded to Defendant.

**IV.    Motion for Default Judgment**

Plaintiff filed a motion for default judgment against Philips pursuant to Rule 55(b)(2). (Dkt. 29). On August 30, 2019, Defendant requested an extension of time to prepare a response to Plaintiff's Amended Complaint (Dkt. 26), which was granted by this Court (Dkt. 27). Defendant was directed to answer or otherwise move against Plaintiff's Amended Complaint on or before November 15, 2019. Contrary to Plaintiff's assertion, the deadline by which Philips must respond has not yet passed. Accordingly, the Court denies Plaintiff's motion.

**V.    Motion to Appoint Counsel**

Plaintiff requests the appointment of counsel. (Dkt. 22). Plaintiff argues his case is "too complex" and that "justice will not be served in this case" unless his case is presented

in a "lawyerly format." (*Id.* at 1). For the reasons discussed below, the Court denies Plaintiff's motion to appoint counsel at this time.

"Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel." *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). Nonetheless, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants when the circumstances so warrant. *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988). The assignment of *pro bono* counsel in civil cases falls within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

In exercising this discretion, a court must keep in mind that there are "many reasons" for why it "should not grant such applications indiscriminately. Volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Indeed, "[t]here are far more *pro se* cases in this district than there are attorneys to represent the litigants." *Fields v. McNaughton*, No. 15-CV-6298-FPG-JWF, 2018 WL 4608201, at *1 (W.D.N.Y. Sept. 25, 2018). "The Court must consider carefully the issue of appointment of counsel because 'every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.'" *Boyd v. Petralis*, No. 16-CV-6286W, 2017 WL 4533649, at *1 (W.D.N.Y. Oct. 10, 2017) (quoting *Cooper*, 877 F.2d at 172).

In deciding whether to appoint counsel to an indigent civil litigant, a court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather

- 8 -

the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.") (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)). All of these factors should be considered both non-dispositive and non-exclusive; "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61.

Plaintiff was previously granted leave to proceed *in forma pauperis*. (Dkt. 6). In his *in forma pauperis* application, Plaintiff declared that he only had five dollars in cash as he was just "recently released from prison, after spending nine years without income." (Dkt. 2 at 1). As such, Plaintiff has met the threshold test for appointing counsel by demonstrating he is indigent.

However, on balance, the above-referenced factors weigh against appointing counsel at this time. Plaintiff is not incarcerated and has not shown that he has made any attempt to obtain an attorney. *See, e.g.*, *Klinger v. Schwartz*, No. CIVA3:01CV2311CFD, 2004 WL 2381737, at *3 n.1 (D. Conn. Sept. 30, 2004) ("[The plaintiff] does not indicate that he has made any attempt to obtain legal representation, or even that he has contacted Inmates' Legal Assistance Program."). Additionally, since commencing the action, Plaintiff has filed an Amended Complaint and several miscellaneous motions, showing himself to be reasonably adept at motion practice and presenting relevant facts to the Court. *See Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying the plaintiff's motion to appoint counsel because "the case does not present novel or overly complex legal issues, and there is no indication that the plaintiff lacks the ability

to present his case"). Further, Plaintiff's remaining claim revolves around a single use of force incident on September 17, 2013, where Plaintiff was allegedly severely beaten by ICE agents, leading up to and during his removal from the United States. (Dkt. 7 at 20). As such, the trial will turn on the jury's determination of the credibility of the witnesses, not any complex factual or legal issues in which Plaintiff is incapable of handling on his own. *See Hughes v. Neimer*, No. 12-CV-6024, 2016 WL 1192694, at *3 (W.D.N.Y. Mar. 22, 2016) (denying appointment of counsel where plaintiff's excessive force claim centered on single incident and did not present complex factual or legal issues "as to make it impossible for plaintiff to proceed without counsel").

After balancing the factors set forth in *Cooper*, the Court finds that appointing counsel for Plaintiff in this matter is inappropriate at this time. Accordingly, the Court denies Plaintiff's motion to appoint counsel.

## CONCLUSION

For the stated reasons, the Court denies Plaintiff's motion for reconsideration (Dkt. 21), motion to appoint counsel (Dkt. 22), motion to supplement (Dkt. 23), and motion to enter default judgment (Dkt. 29), and grants in part Plaintiff's motion to amend/correct (Dkt. 32).

The Clerk of Court is directed re-file Plaintiff's Amended Complaint, with the addition of missing page 29, which is attached to Plaintiff's motion to amend/correct (Dkt. 32 at 4).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:        November 6, 2019
              Rochester, New York