UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON SHOLA AKANDE,

        Plaintiff,

-v-

MICHAEL PHILIPS, *I.C.E. Field Office Director*, et al.
        Defendant.

---

1-17-CV-01243-JLS-MJR

REPORT, RECOMMENDATION and ORDER

This case has been referred to the undersigned for all pre-trial matters, including preparation of a report and recommendation on dispositive motions. (Dkt. No. 43). Before the Court is defendant's motion to dismiss plaintiff's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 35). For the following reasons, it is recommended that defendant's motion to dismiss be granted.

## PROCEDURAL HISTORY

Plaintiff Jason Shola Akande ("plaintiff") filed this *pro se* action on November 30, 2017, seeking relief for violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. No. 1). On July 11, 2018, the Honorable Elizabeth A. Wolford, who initially presided over this matter, granted plaintiff's request to proceed in forma pauperis and screened his initial Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Dkt. No. 6). The Court dismissed plaintiff's claim for the destruction of his legal materials as against defendant Michael Phillips[1]

---

[1] Plaintiff identified defendant as "Michael Philips," but defendant's pleadings amend the spelling of his name to "Michael Phillips."

("Phillips"), as well as all claims against Defendants John Doe 1, John Doe 2, and John Doe 3 (collectively, the "John Doe Defendants") without prejudice. (*Id.*). The remaining claims alleged against Phillips and the other named defendants were dismissed with prejudice, with the exception of plaintiff's excessive force claim asserted against Phillips. (*Id.*). The Court also permitted plaintiff to file an amended complaint consistent with the screening order. (*Id.*).

On September 7, 2018, plaintiff filed his Amended Complaint (Dkt. No. 7) along with three motions requesting miscellaneous relief. (Dkt. Nos. 8; 9; 10). The amended complaint alleged that Phillips illegally confiscated and destroyed plaintiff's legal documents and materials, that Phillips used excessive force against plaintiff, that Phillips used forged travel documents to illegally remove plaintiff from the United States to Nigeria, and asserted other constitutional violations against three John Doe defendants. (Dkt. No. 7). Plaintiff subsequently filed two motions to expedite the review of his other motions on March 4, 2019, and March 13, 2019, respectively. (Dkt. No. 14; 15).

After reviewing the Amended Complaint under 28 U.S.C. § 1915(e)(2), Judge Wolford issued a Decision and Order on June 28, 2019. (Dkt. No. 17). In that decision, Judge Wolford held that plaintiff's amended excessive force claim could proceed to service against defendant Phillips but ordered that all other claims contained in his amended complaint were dismissed with prejudice. (*Id.* at 27). Plaintiff's pending motions were denied and granted, as detailed in the decision. (*Id.*).

Thereafter, plaintiff filed motions for reconsideration, to appoint counsel, to supplement, to enter a default judgment, and to amend/correct. (Dkt. Nos. 21; 22, 23, 29, 32). Each of these motions, except for the motion to amend/correct, was denied by Judge

Wolford. (Dkt. No. 33). As to the motion to amend/correct, the amended complaint was ordered to be re-filed with the addition of a missing page. (*Id.*).

On November 15, 2019, defendant Phillips brought the instant motion to dismiss plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff's claims are time-barred.[2] (Dkt. No. 34). Defendant filed a memorandum in support of his motion. (Dkt. No. 35). On November 26, 2019, plaintiff filed objections in response to the motion to dismiss. (Dkt. No. 37). Defendant then filed a reply (Dkt. No. 39), as did plaintiff. (Dkt. No. 42).

On January 3, 2020, the Clerk of the Court reassigned this case to the Hon. John L. Sinatra, Jr. (Dkt. No. 41). Judge Sinatra then referred the matter to the undersigned for supervision of all pretrial matters and to hear and report on all dispositive motions. (Dkt. No. 43).

Subsequently, plaintiff filed a motion to supplement his objections to the motion to dismiss (Dkt. No. 44), which was granted by this Court on February 12, 2016. (Dkt. No. 45). Plaintiff has also filed a motion for court subpoenas, motion to supplement, motion to summarize, and motion to expedite, each of which are resolved by this Report, Recommendation and Order. (Dkt. Nos. 38; 40; 46; 47).

---

[2] In bringing this motion, defendant expressly reserved the right to assert other defenses, including but not limited to an argument that the Court lacks subject matter jurisdiction over this claim under 8 U.S.C. § 1252(g). The Court also notes that Judge Wolford assumed, for screening purposes only, that Plaintiff's excessive force allegations fell outside the jurisdictional bar set forth in 8 U.S.C. § 1252(g), and specified that nothing in her Decision and Order shall be construed to prevent defendants from seeking dismissal on this or any other ground. (Dkt. No. 17, pgs. 6-7).

## RELEVANT FACTS and BACKGROUND

This action arises from events allegedly occurring on September 17, 2013 at the Federal Detention Center in Batavia, New York and on-board an airplane during plaintiff's deportation from the United States to Nigeria. (Dkt. No. 7). In his surviving claim of excessive force, plaintiff alleges that, on that date, defendant Phillips and approximately 12 unnamed U.S. Immigration and Customs Enforcement ("ICE") officers "forcefully" removed plaintiff's clothes, leaving him nude in view of female ICE agents and prison staff, bound him with chains "like a dead body," and "severely beat him" both before and after loading him onto an airplane for removal to Lagos, Nigeria. (Dkt. No. 7, pg. 20). Plaintiff alleges that Philips and other agents left him tied up with chains throughout the fifteen-hour flight and periodically beat him. Plaintiff seeks to take sworn statements from other deportees on the airplane, who he alleges were eyewitnesses to the conduct, and Nigerian immigration officers and medical personnel, who examined him upon arrival. (*Id.*).

## DISCUSSION

Defendant Phillips moves to dismiss plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff's claims against him are time-barred by the applicable statute of limitations. (Dkt. No. 35). Plaintiff opposes dismissal and contends that the statute of limitations was tolled for several reasons. (Dkt. Nos. 39; 42; 44). As explained below, the Court finds that plaintiff's claims are time-barred and there are no grounds for tolling the statute of limitations.

### Rule 12(b)(6) Pleading Standard

A motion to dismiss on statute of limitations grounds is generally treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to Rule 12(b)(1). *See Cole-Hill v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter.")

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). In reviewing a complaint in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief...requires the...court to draw on its judicial experience and

common sense...[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 679.

## Statute of Limitations for Excessive Force Claim under Bivens

Because Congress has not designated a federal statute of limitations for *Bivens* actions, federal courts must look to applicable state law statutes. *See Chin v. Bowen*, 833 F.2d 21, 22 (2d Cir. 1987). Here, the events alleged in plaintiff's complaint occurred in New York, therefore the law of New York controls. "In borrowing state statutes of limitations for federal claims, a federal court must choose the statute of limitations of the most analogous state claim provided 'that the borrowed period of limitations [does] not discriminate against the federal claim.'" *Chin*, 833 F.2d at 23 (quoting *Okure v. Owens*, 816 F.2d 45, 48 (2d Cir. 1987)). The statute of limitation for all 42 U.S.C. § 1983 claims must be borrowed from state law governing "the tort action for the recovery of damages for personal injuries." *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).[3] In *Okure*, the Section Circuit concluded that in New York, the statute of limitations set out for general personal injury actions in New York Civil Practice Law & Rules Section 214(5) was the most analogous to § 1983 claims. 816 F.2. at 49, *aff'd sub nom Owens v. Okure*, 488 U.S. 235. Because of the similarities between *Bivens* suits and § 1983 actions, the Second Circuit has further directed that Section 214(5) is also the applicable statute of limitations for *Bivens* actions brought in federal court in New York State. *See Chin*, 833

---

[3] The state law borrowing practice was superseded in some instances by 28 U.S.C. § 1658, which enacted a four-year statute of limitations for civil actions arising under an Act of Congress enacted after December 1, 1990. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 378 (2004). Section 1658's provisions are not applicable here because plaintiff's action arises under *Bivens*, not a statutory cause of action.

F.2d at 24 ("the analysis performed in *Okure* applies with equal force to *Bivens* actions"). Thus, the statute of limitations applicable here is the three-year period prescribed by Section 214(5). *See* NY CLS CPLR § 214(5).

New York law provides a three-year statute of limitations, but federal law governs the determination of when the statute of limitations begins to run. *See Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d. Cir. 2015). A *Bivens* claim accrues under federal law for statute of limitations purposes when a plaintiff either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim. *Gonzalez*, 802 F.3d at 220.

In this case, plaintiff alleges an excessive use of force incident which, by its nature, is a claim that plaintiff had knowledge of at the time it occurred. Plaintiff alleges that on September 17, 2013, he was severely beaten to a point that he required medical attention upon arriving in Nigeria. His alleged injuries were immediately obvious. Plaintiff's reliance on *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1998), for the "continuing violation" or "separate accrual" rule which extends the statute of limitations each time an injury occurred is inapposite to the factual allegations presented here. It is evident that plaintiff would have been aware of the existence of his claim against Phillips, or any other ICE agents, at the time of the alleged single instance of misconduct. *See AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002) (explaining that limitations period begins to run at the time of a discrete act). Thus, the claim accrued on September 17, 2013 and the three-year statute of limitations expired on September 17, 2016.[4] Plaintiff instituted this suit by

---

[4] In his amended complaint, plaintiff also submits that the accrual date of his claim is not the date of the alleged use of excessive force, but the date he became aware that his Nigerian travel certificate was allegedly forged, i.e. January 23, 2015. (Dkt. No. 7, pgs. 27-28). This argument is without merit. Judge Wolford has already dismissed plaintiff's claim of unlawful removal based upon a forged travel certificate

filing his initial complaint on November 30, 2017, more than fourteen months after that expiration. Therefore, his claim is time-barred and subject to dismissal unless the limitations period was tolled.

*Applicability of Equitable Tolling*

Plaintiff argues that the statute of limitations was equitably tolled because he had been removed to Nigeria, and because he had repeatedly requested administrative remedies since 2015. (Dkt. No. 7, pgs. 28-29). In his reply pleadings, plaintiff also advances the following arguments in favor of tolling: (1) the statute of limitations does not apply when one is not physically present in the country; (2) removal to Nigeria made it impossible for him to timely file this lawsuit; (3) he did not know that he could sue defendant Phillips from outside the country; and (4) he took timely actions to seek judicial remedies for his claims in the "wrong court and wrong jurisdiction." (Dkt. No. 37). None of plaintiff's arguments are convincing.[5]

Equitable tolling is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. *Wright v. Rensselaer Cty. Jail*, 2018 U.S. Dist. LEXIS 231041, *8 (N.D.N.Y. Mar. 30, 2018) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). As a general matter, the Second Circuit sets a high bar to deem circumstances sufficiently "extraordinary" to warrant equitable tolling. *See Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). The burden of

---

(Dkt. No. 6, pgs. 6-12), and the date of accrual of that or any other alleged claim is irrelevant here. Similarly, in his reply to this motion, plaintiff asks the Court to "revisit" his previously dismissed claims of forgery and destruction of legal files. This Court sees no justification to resurrect these causes of action.
[5] In his reply filings, plaintiff also submits several arguments that are non-responsive to the motion to dismiss and which the Court will not address here.

demonstrating the appropriateness of equitable tolling lies with the plaintiff. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). The Supreme Court has allowed equitable tolling in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Examining whether there are any grounds for equitable tolling, the Court will first address plaintiff's claim that his removal to Nigeria presented an "impossible" barrier to filing of this lawsuit.[6] Courts have held that being out of the country does not warrant equitable tolling. *See Vincent v. Wal-Mart Store 3420*, 2012 U.S. Dist. LEXIS 125269, *22-23 (E.D.N.Y. Sept. 4, 2012) (finding no grounds for tolling where plaintiff was out of the country caring for a sick relative); *see also Irwin*, 498 U.S. at 96 (no basis for equitable tolling where plaintiff's attorney was out of the country when EEOC notice arrived). Thus, plaintiff's deportation to Nigeria is not a basis for tolling. *See Ferrer-Ayala v. Prandi*, 1996 U.S. Dist. LEXIS 9248, *11 (N.D. Cal. June 12, 1996) (finding no grounds under state law to toll based on plaintiff's deportation and remarking that "plaintiff was prohibited from illegally entering the United States, not from commencing a cause of action in the United States"). Plaintiff also submits that in Nigeria he had no contacts, no money, and no resources to hire an attorney. He states further that because he had no fixed address it was very difficult to post his pleadings to the Court. These factors do not amount to rare

---

[6] Plaintiff also submits that "the statute of limitations rule with respect to defendant's jurisdiction, states that, the clock stops running when the defendant is out of the state or country, the rule applies to this case as well." (Dkt. No, 37, pg. 5). Plaintiff provides no legal authority to support this proposition. To the extent plaintiff is referring to Section 207 of New York's Civil Practice Law & Rules which governs time limitations during a *defendant's* absence from the state, there is no allegation that defendant Phillips was absent from New York State during the relevant time period. Plaintiff's argument is without merit and he has submitted no other grounds for statutory tolling.

or exceptional circumstances. *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not merit equitable tolling); *Watson v. Artuz*, 283 F. Supp. 3d 217, 233 (S.D.N.Y. 2018) (lack of funding is not by itself a sufficient basis for equitable tolling in prisoner cases or otherwise); *Francis v. Miller*, 198 F.Supp. 2d 232, 235 (E.D.N.Y. 2002) (lack of funds to hire attorney is not an extraordinary circumstance warranting equitable tolling). In fact, plaintiff has shown no difficulty in making regular filings within this case through use of a mailing address in Bloomfield, Connecticut. He has failed to explain why he allegedly could not initiate an action against defendant Phillips prior to September 17, 2016 but was able to file an extensive complaint on November 30, 2017. Further, plaintiff's amended complaint contains a copy of a "motion to sanction government" which he filed in Connecticut state court on March 23, 2015, during the three-year statute of limitations period applicable to this action. (Dkt. No. 7, pgs. 43-51). That filing demonstrates plaintiff's ability to engage in litigation from Nigeria despite his claims otherwise here. Plaintiff's removal from the United States and alleged hardship in Nigeria are not sufficiently extraordinary circumstances to justify equitable tolling.

Plaintiff also states that he did not know he could sue defendant Phillips and obtain relief from Nigeria. "It is well-settled that unfamiliarity with the law or legal procedure is not sufficiently extraordinary to toll the statute of limitations." *Griffith v. Yas Sadri*, 2009 U.S. Dist. LEXIS 72531, *9-10 (E.D.N.Y. Aug. 14, 2009); *see also Sparks v. Graham*, 2019 U.S. Dist. LEXIS 113647, *12 (W.D.N.Y. July 9, 2019) ("As a general rule, habeas petitioners cannot rely on their *pro se* status, limited education, and ignorance of the law as 'extraordinary circumstances.'"). Plaintiff's purported lack of knowledge about instituting a lawsuit from outside of the United States does not constitute extraordinary

circumstances. Additionally, the record before this Court shows that plaintiff has a lengthy history of litigation in state, federal, and appellate courts. (Dkt. No. 7, pgs. 10, 13-16). Plaintiff's claims of ignorance conflict with his demonstrated proficiency in utilizing the courts to redress wrongs.

Plaintiff next asserts that he exercised due diligence in seeking judicial remedies for his claims. As a starting point, any diligence of plaintiff to pursue his claims prior to the lapse of the statute of limitations is inadequate to warrant equitable tolling in the absence of a finding of extraordinary circumstances preventing his timely action. *See Watson*, 283 F.Supp. 3d at 233 ("addressing 'diligence' is insufficient to allow equitable tolling; 'extraordinary circumstances' must also be shown) (citations omitted). Supporting his due diligence claim, plaintiff states that he has filed a related lawsuit in "Connecticut State Appellate Court," as well as petitions with the International Police (Interpol), Nigerian Immigration Service Headquarters, Foreign Affairs Committee of the Nigerian Senate, and Nigerian Embassy about his excessive force claims, illegal removal claims, and other "very serious international crimes." (Dkt. Nos. 37, pgs. 8-10; 44, pg. 2). He alleges that Interpol told him that they attempted to contact Phillips, DHS, and ICE, but defendant and others "deliberately refused" to provide and "deceptively concealed" information requested by Interpol. (*Id.*). Plaintiff has submitted no evidence supporting this allegation and, even if he had, the Court fails to see how any such deceptive behavior could have tricked plaintiff into missing the filing deadline on a claim of excessive use of force. *See Irwin*, 498 U.S. at 96. Further, the Connecticut state court document attached to the complaint indicates that plaintiff was challenging the legality of his removal from the United States and an underlying state criminal conviction. It does not appear, and plaintiff

does not argue, that this case contained any claim of excessive force against the defendant herein. The Court concludes that the state court case does not constitute active pursuit of judicial remedies through a defective filing for the instant cause of action. See Irwin, 498 U.S. at 96. Overall, although it is apparent that plaintiff has been diligent in pursuing his rights on this and other claims, his diligence speaks more to his wherewithal to seek assistance of the courts than to his impediments, even after his deportation.

Lastly, plaintiff argues that tolling should apply because he pursued administrative remedies beginning in 2015. Plaintiff's amended complaint attempts to demonstrate his efforts to pursue administrative remedies by reference to exhibits contained in his original complaint. These exhibits consist of correspondence from plaintiff to ICE agency directors and the Secretary of the Department of Homeland Security seeking reversal of his allegedly illegal removal. (Dkt. No. 1, pgs. 35-54). Each letter is dated August 1, 2017, well past the September 30, 2016 statute of limitations cutoff. Moreover, there is no requirement to exhaust administrative remedies before filing a Bivens action. See Porter v. Nussle, 534 U.S. 516, 523-24 (2002) (no need to exhaust administrative remedies before filing a § 1983 claim or Bivens claim unless plaintiff is incarcerated at the time and must comply with the exhaustion provisions of the Prison Litigation Reform Act). Further, an alien detained by the INS pending deportation is not a "prisoner" within the meaning of the PLRA. Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002). Plaintiff was not a "prisoner" on the date of the alleged incident, nor was he incarcerated during the time period following accrual of his claim. Thus, administrative exhaustion requirements created no barrier to plaintiff's ability to bring a timely Bivens action.

In sum, the Court finds that plaintiff has failed to show extraordinary circumstances or present a compelling reason to toll the statute of limitations in this matter. Plaintiff's claims are thus time-barred and should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss (Dkt. No. 34) be granted.

In light of the recommendation for dismissal, it hereby ORDERED that plaintiff's motion for court subpoenas (Dkt. No. 38); motion to supplement (Dkt No. 40); motion to summarize (Dkt. No. 46); and motion to expedite (Dkt No. 47) are DENIED as moot.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

- 14 -

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

Dated:   August 19, 2020
         Buffalo, New York

                                                    _____
                                                    MICHAEL J. ROEMER
                                                    United States Magistrate Judge