UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON SHOLA AKANDE,

      Plaintiff,

v.                                          17-CV-1243 (JLS) (MJR)

MICHAEL PHILIPS,

      Defendant.

---

## DECISION AND ORDER

Plaintiff Jason Shola Akande commenced this action on November 30, 2017,[1] alleging claims related to his removal from the United States to Nigeria in September 2013. *See* Dkt. 1. Akande filed an amended complaint on September 7, 2018, as directed by the Court. *See* Dkts. 6, 7. After screening, the operative amended complaint contains one claim: a *Bivens* claim for excessive force against Defendant Michael Philips. *See* Dkts. 7, 17.

Defendant moved to dismiss the amended complaint on November 15, 2019. *See* Dkts. 34, 35. Akande objected in opposition to Defendant's motion. Dkt. 37. He also moved for court subpoenas (Dkt. 38) and to supplement his objections in opposition to the motion to dismiss (Dkt. 40). Defendant replied in further support of his motion to dismiss. Dkt. 39. And Akande filed a response in further support of his objections. Dkt. 42.

---

[1] Akande's initial complaint was filed on November 30, 2017. He dated that complaint August 16, 2017. *See* Dkt. 1.

On February 3, 2020, the Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 43. Akande then moved again to supplement his objections to the motion to dismiss (Dkt. 44), which Judge Roemer granted (Dkt. 45).[2] Akande also moved to summarize (Dkt. 46)[3] and to expedite (Dkt. 47).

Judge Roemer issued a Report, Recommendation and Order ("RR&O") on August 24, 2020: (1) recommending that this Court grant Defendant's motion to dismiss; and (2) dismissing as moot Akande's outstanding motions to supplement, to summarize, to expedite, and for court subpoenas. Dkt. 48. Specifically, the RR&O recommended dismissing Akande's excessive force claim as time-barred under the applicable statute of limitations. *See id.* at 13.

Akande objected to the RR&O, arguing that:

- Judge Roemer did not consider his equitable estoppel argument (Dkt. 49 at 1-3);

- Akande's motion to sanction the government does not contradict the "impossible barrier" he faced to file his excessive force claim (*id.* at 3-5);

- Judge Roemer did not consider that a Connecticut state court told Akande he was ineligible for fee waivers (*id.* at 5-7);

---

[2] Akande did not file supplemental objections.

[3] In this submission, Akande summarizes his opposition to Defendant's motion to dismiss. He asks the Court to deny Defendant's motion but does not seek additional relief. *See id.*

2

- Judge Roemer relied on inapposite case law (*id.* at 7-10);

- Judge Roemer incorrectly concluded that New York C.P.L.R. Section 207 does not apply to Akande's claim (*id.* at 11);

- Judge Roemer incorrectly concluded that equitable tolling does not apply, based on the circumstances of this case (*id.* at 11-17); and

- Judge Roemer erroneously denied Akande's motion for court subpoenas (*id.* at 16).

Defendant opposed Akande's objections on September 24, 2020. Dkts. 51, 52. Akande replied in further support of his objections and submitted a supporting affidavit in October 2020. Dkts. 53, 54.

The referral order authorized Judge Roemer to "hear[] and dispos[e] of all non-dispositive motions or applications," and to "hear and report upon dispositive motions." Dkt. 43. The RR&O implicates both portions of the referral order. It recommends granting Defendant's dispositive motion to dismiss and denies Akande's non-dipositive motion for court subpoenas.[4] Different standards of review apply to each portion, as explained below.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

---

[4] The RR&O also denies as moot Akande's motions to supplement, to summarize, and to expedite. But Akande did not object to those denials, so the Court does not address those motions here.

72(b)(3). And it must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

This Court carefully reviewed the RR&O and the relevant record. Based on its *de novo* review of Defendant's motion to dismiss, the Court accepts and adopts Judge Roemer's recommendation to grant Defendant's motion to dismiss. And based on its clear error review, the Court affirms Judge Roemer's order denying Akande's motion for court subpoenas.

For the reasons stated above and in the RR&O, the Court:

- GRANTS Defendant's motion to dismiss (Dkt. 34); and
- DENIES as moot Akande's motion for court subpoenas (Dkt. 38).

Akande's amended complaint (Dkt. 7) is dismissed, with prejudice. The Clerk of Court shall close this case.

SO ORDERED.

Dated:  February 3, 2021
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE